## ROBERT RUSSELL *v*. ALBERT STEVENS.

To a plea, in the action of debt upon judgment, that the plaintiff's cause of action did not accrue within eight years, a replication, that the defendant promised within six years to pay the judgment, is bad on demurrer.

DEBT upon judgment. The defendant pleaded, that the plaintiff's cause of action did not accrue within eight years. The plaintiff replied, that the defendant, within six years next before the commencement of the suit, promised to pay the judgment. To this replication the defendant demurred specially. The county court, October Term, 1845,—BENNETT, J., presiding,—adjudged the replication insufficient. Exceptions by plaintiff.

*J. McM. Shafter* for defendant.

1. The replication departs unnecessarily from the form of the plea; it should have been, that the action did accrue within eight years.

2. It is argumentative. Gould's Pl. 63, § 28. Lawes' Pl. 47.

3. It tenders an immaterial issue. The allegation, that the defendant promised to pay within six years is traversable. *Danforth v. Culver,* 11 Johns. 146. *Jones v. Moore,* 5 Binn. 573. If traversed, and it should appear that the defendant did promise seven years before the bringing of the suit, and the verdict should negate a promise within six years, for whom would the court render judgment? A traverse of the replication would be a negative pregnant. Gould's Pl. 318, 506. 1 Chit. Pl. 631. 2 Ib. 605. *Bennett v. Holbeck,* 2 Saund. 319, (n. 6.) *Gailer v. Grinnell,* 2 Aik. 349; 1 Vt. 365. *Olcott v. Scales,* 3 Vt. 173. *Macfadzen v. Olivant,* 6 East 387. *Dyster v. Battye et al.,* 3 B. & Ald. 448, [5 E. C. L. 344.] 16 Vt. 434. *Blackmore v. Tidderly,* Ld. Raym. 1099. Carth. 371.

*Briggs & Underwood* for plaintiff.

The statute raises a presumption, that a debt has been paid after the lapse of eight years; and any evidence to rebut that presumption is sufficient; a mere acknowledgment, that the debt is due, is sufficient. The action is not, therefore, founded upon the promise, nor is it necessary, that it should be replied; it may be given in evidence under the issue formed upon the plea of the statute. *Yea v. Fouraker,* 2 Burr. 1099. *Quantock v. England,* 5 Ib. 2628. *Bryan v. Horseman,* 4 East 599. *Leaper v. Tatton,* 16 Ib. 420. *Thornton v. Illingworth,* 2 B. & C. 824, [9 E. C. L. 256.] *Gibbons v. McCasland,* 1 B. & A. 689. *Sluby v. Champlin,* 4 Johns. 468. *Danforth v. Culver,* 11 Ib. 146. *Lord v. Shaler,* 3 Conn. 131. *Baxter v. Pennyman,* 8 Mass. 133. *Maxim v. Morse,* 8 Ib. 127. *Gailer v. Grinnell,* 2 Aik. 349. *Olcott v. Scales,* 3 Vt. 175. If the replication of an *assumpsit* is no departure in an action of debt on judgment, it is difficult to see how an *assumpsit* within six years is more a departure than within eight, inasmuch as six years is within the statute. If it is treated as a waiver of the stat-

ute, it may be set up at any time. If the substance of the promise is necessary, the statute would run upon that in six years. So in either event the replication is sufficient. *Olcott* v. *Scales*, 3 Vt. 173. *Barlow* v. *Bellamy*, 7 Vt. 54.

The opinion of the court was delivered by

BENNETT, J. The only question, raised on this bill of exceptions, relates to the sufficiency of the plaintiff's replication to the plea in bar. The plea is, that the cause of action *did not accrue* within *eight* years; and, by way of answer, the plaintiff replies a *new promise* within *six* years. If the defendant had taken issue upon the replication, and that issue had been found for him, it is obvious, that such finding would not have settled the rights of the parties. The plaintiff's replication is not *co-extensive* with his rights; and in the event, that the issue upon this replication had been found for the defendant, it would have been an *immaterial* issue. In such a case, the other party cannot be required to take issue upon the replication, but may demur.

In *Blackmore* v. *Tidderly*, 2 Salk. 423; *S. C.*, 2 Ld. Raym. 1099, a plea of not guilty within *six* years, in a case where the statute bar was *four* years, was held ill on general demurrer. It is said, in that case, that, at common law, there was no such plea; and, if founded on the statute, the statute is not pursued; and the plaintiff could not take issue upon it, upon the ground that it tendered an *immaterial* issue. The defendant might not have been guilty within *four* years, and yet guilty within *six* years. Though it might seem, at the first view, that such a plea would operate in favor of the plaintiff, in case issue was taken upon it, and that consequently the plaintiff ought not to object to it, yet, as the trial of such an issue might not settle the rights of the parties, the plaintiff could not be compelled to join issue upon it. The same reasoning applies to a case, in which the replication is, that the action did not accrue within *six* years, when the statute bar, insisted upon in the plea is *eight* years.

It is to be remarked, that in this case the plaintiff does not reply, that the cause of action *did accrue* within six years, but alleges a new promise within *six years*. We are not prepared to say, that in

a case where the plea is *non accrevit*, it is admissible for the plaintiffs to reply a new promise; certainly it is not usual to reply in that form, but to traverse the plea directly. But, be this as it may, we have no doubt the present replication is ill.

The result is, the judgment of the county court is affirmed.